UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| CHASE HELVEY, ) | |
| ) | |
| Plaintiff ) | Civil No. 5:19-cv-00136-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| LEXINGTON-FAYETTE URBAN ) | **&** |
| COUNTY GOVERNMENT, *et al.*, ) | **ORDER** |
| ) | |
| Defendants. ) | |

***** ***** ***** *****

This matter is before the Court on the parties' motions *in limine*. [R. 61; R. 67.]  For the reasons that follow, the motions will be GRANTED IN PART and DENIED IN PART.

**I**

On March 29, 2018, Plaintiff Chase Helvey was arrested and booked into the Fayette County Detention Center on charges of murder, assault in the first degree, kidnapping, and tampering with physical evidence. [R. 52-1; R. 62-3 at 2.]  While at the detention center, Mr. Helvey alleges that the Corizon Defendants[1] were responsible for injuries he sustained due to benzodiazepine withdrawal.  On September 24, 2021, Mr. Helvey filed his motions *in limine*, and on September 27 the Corizon Defendants filed their motions *in limine*.  [R. 61; R. 67.]

---

[1] The Corizon Defendants include Corizon Health, Inc., Corizon, LLC, Michelle Welling, Patricia Warner, Rhonda Feltner, and Mary Riley.  All other defendants in this matter have been dismissed.

## II

### A

"A motion *in limine* is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). "While the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to a district court's inherent authority to manage the course of trials." *Scheel v. Harris*, 2012 WL 3879279, at *1 (E.D. Ky. Sept. 6, 2012) (citing *Luce*, 469 U.S. at 41).

Although parties are permitted to ask the court to make *in limine* rulings, "there is no right to an *in limine* ruling." *Id.* (citing *Huddleston v. United States*, 485 U.S. 681, 688–89 (1988)). Furthermore, as a case unfolds, a district court is free "in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41–42.

### B

Here, Mr. Helvey requests four *in limine* rulings, and the Corizon Defendants request eight. Each will be addressed in turn.

#### 1

Mr. Helvey asks that any evidence, argument, or mention of the following be excluded from trial:

- The substance and details of Mr. Helvey's criminal charges, convictions, and institutional disciplinary history;
- An allegation that Mr. Helvey acted violently toward a dog;
- The effect of a damages award on society; and
- Frivolous lawsuits or tort reform.

2

[R. 61.] The second, third, and fourth requests were unopposed and will therefore be granted. *See, e.g.*, *Anestis v. United States*, 2014 WL 7896573, at *1 (E.D. Ky. Dec. 16, 2014) (granting unopposed motion *in limine*); *Hatley v. Crossville BNRV Sales, LLC*, 2015 WL 13757810, at *4 (E.D. Tenn. Nov. 13, 2015) (same).

A portion of the first request, however, is contested by the Corizon Defendants.[2] Mr. Helvey seeks exclusion of evidence pertaining to the substance and details of his criminal charges, convictions, or institutional disciplinary history because (1) the evidence is irrelevant to Mr. Helvey's claims; and (2) the probative value of such evidence is substantially outweighed by the risk of unfair prejudice. [R. 61 at 1, 3.] In response, the Corizon Defendants argue that (1) the circumstances of Mr. Helvey's arrest are crucial to his claim for damages arising from emotional distress; and (2) The circumstances of Mr. Helvey's conviction are relevant for impeachment purposes under Federal Rule of Evidence 609. [R. 70 at 2–3.]

The Court agrees that Mr. Helvey's disciplinary history while incarcerated is irrelevant to this matter, which occurred within the first few days of Mr. Helvey being booked into the Fayette County Detention Center. There also "appears to be a distinct risk of unfair prejudice" because the jury may view Mr. Helvey's misconduct while incarcerated as propensity evidence. *United States v. Eakes*, 2019 WL 1645596, at *3 (W.D. Ky. Apr. 16, 2019). Furthermore, the Corizon Defendants do not contest Mr. Helvey's *in limine* request as it relates to Mr. Helvey's institutional disciplinary history. Therefore, the Court will grant the motion as to the disciplinary history portion of the request.

---

[2] Defendants Steve Haney and Lexington-Fayette Urban County Government as well as Defendants Maryann Franco and Heather Lakes also submitted response briefs that did not contest the last three *in limine* requests but contesting the first. [R. 68; R. 69.] However, these parties have been dismissed from the case and their responses, which essentially mirror the responses of the Corizon Defendants, therefore need not be considered.

3

However, Mr. Helvey's request as to his charges and convictions will be denied. First, the *in limine* request is overly broad. Mr. Helvey is seeking before trial to exclude "any evidence, argument or *mention*" of Mr. Helvey's charges or convictions. [R. 61 at 1 (emphasis added).] Before trial, the Court is hesitant to grant such a sweeping request. Furthermore, the record does not indicate that the evidence is clearly inadmissible. *See United States v. Akers*, 2019 WL 4934948, at *1 n.1 (E.D. Ky. Oct. 7, 2019) ("As a general matter, the Court is reluctant to rule in advance unless resolution is clear on the current record."). For example, the Corizon Defendants argue that evidence of Mr. Helvey's criminal charges and conviction may "assist the jury in measuring the extent of his damages." [R. 70 at 2 (citing *Udemba v. Nicoli*, 237 F.3d 8, 15 (1st Cir. 2001)).][3] Therefore, Mr. Helvey's first *in limine* request will be granted as to Mr. Helvey's institutional disciplinary history and denied as to his criminal charges and convictions, and Mr. Helvey's second, third, and fourth *in limine* requests will be granted.

**2**

The Corizon Defendants ask the Court to exclude the following:

- Any reference to statements in hospital records that Mr. Helvey was "found down" in emesis at the detention center before his transfer to the hospital;
- Expert testimony that Corizon should have used a urine dipstick in its treatment and care of Mr. Helvey;
- Any reference to other lawsuits filed against the Corizon Defendants or evidence of care the Corizon Defendants provided to other patients;
- References to the Corizon Defendants' liability coverage;
- Any medical testimony from Mr. Helvey's expert witness "stated in terms of possibility rather than probability;"
- Argument or testimony that compensatory damages may be used to punish the Corizon Defendants;

---

[3] The Court declines to address the Corizon Defendants' argument that evidence of Mr. Helvey's conviction are relevant for impeachment purposes under Federal Rule of Evidence 609(a) because this rule is only relevant insofar as "the Defendant choose[s] to testify as a witness." *United States v. Holland*, 41 F. Supp. 3d 82, 92 (D.D.C. 2014). Should Mr. Helvey choose to testify as a witness and the parties once again raise this issue during trial, the Court would have occasion to revisit the issue at that time.

- "Golden Rule" arguments such as indications that jury should "protect the community" or "step into the shoes of the Plaintiff" and
- Statements "suggesting the jury should 'send a message' or 'protect the community' with its verdict."

[R. 67.] Mr. Helvey did not object to the Corizon Defendants' fourth *in limine* request regarding liability coverage. [R. 89 at 5.] Also, the Corizon Defendants stated they were satisfied "with Mr. Helvey's representation that he will not argue, suggest, or imply that the jury should award compensatory damages to punish the Defendants," which addresses the sixth *in limine* request. [R. 93 at 4.] Accordingly, the Corizon Defendants' fourth *in limine* request regarding liability coverage will be granted and the sixth *in limine* request as to compensatory damages will be denied as moot. The remaining six *in limine* requests were contested and are addressed below.

a

The Corizon Defendants first ask the Court to exclude any reference to statements in hospital records that Mr. Helvey was "found down" in emesis[4] at the detention center before his transfer to the hospital. [R. 67 at 1.] After Mr. Helvey arrived at the University of Kentucky Emergency Department, three separate medical records noted that Mr. Helvey had been found down in emesis. *Id.* at 2–3. However, none of the medical notes identify the source of the assertion that Mr. Helvey was found down in emesis, and no Corizon records mention Mr. Helvey having vomited at all. *Id.* at 2. The Corizon Defendants argue that these statements constitute hearsay within hearsay, because the statements consist of "(1) the University of Kentucky medical records, and (2) the statements within the University of Kentucky medical records." *Id.* at 4. Although the Corizon Defendants concede that the medical records

---

[4] Emesis is "an act or instance of vomiting." *Emesis*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/emesis (last visited May 5, 2022).

themselves likely fall into the exception to hearsay found in Federal Rule of Evidence 803(6), which permits records of a regularly conducted activity, the actual statement that "Mr. Helvey was found down and surrounded by emesis at the detention center does not fall within any exception to the hearsay rule." *Id.* at 4.

In response, Mr. Helvey argues that "[t]his objection should be addressed at trial" because (1) "[Mr.] Helvey need only show that one other hearsay exception applies or that the statement itself is not hearsay;" (2) the statement could constitute a present sense impression or statement against interest; and (3) the statement may be offered not for its truth for another purpose. [R. 89 at 1.]  For instance, Mr. Helvey argues that the statements may instead be offered "as evidence regarding [Mr. Helvey's] condition at FCDC or regarding UKMC's findings of starvation and dehydration." *Id.*

At this point, the Court does not know the purpose for which this evidence may be introduced at trial, or even if the evidence will be introduced at all. [*See* R. 89 at 1.]  In the context of trial, there may be reasons that fall within one of the many hearsay exceptions to permit the statements.  However, the Court presently lacks sufficient information regarding the statements to make that determination.  Therefore, the Court will deny this *in limine* request and permit the Corizon Defendants to revisit this issue if Mr. Helvey seeks to introduce this evidence at trial.

b

The Corizon Defendants next seek to prevent Mr. Helvey from offering expert testimony that Corizon should have "utilized a urine dipstick in its care and treatment of Mr. Helvey." [R. 67 at 5.]  The Corizon Defendants argue that Dr. Richard Blondell, Mr. Helvey's expert, failed to reference anything "remotely related to the utilization of a urine dipstick" in his Rule 26(b)(2)

6

Report. *Id.* Furthermore, the Corizon Defendants argue that because Dr. Blondell mentioned the urine dipstick for the first time during his deposition and has no knowledge of the types of assessments routinely performed at detention facilities, the evidence should be excluded. *Id.* at 5–6. Mr. Helvey objects to this request, arguing that the Corizon Defendants elicited this opinion from Dr. Blondell during his deposition and therefore should not be surprised at trial if this opinion comes in. [R. 89 at 2.] Furthermore, Mr. Helvey argues that this objection goes to the weight of the testimony, not its admissibility. *Id.*

The Court will deny this *in limine* request. Rule 26(a)(2)(B) does not require exclusion in this case, particularly given that Dr. Blondell specifically opined that Corizon should have utilized dipstick urine toxicology in his deposition. Courts routinely permit experts to opine at trial about issues that are referenced in their expert reports or expressed during a deposition. *See, e.g., Turner v. Hill*, 2014 WL 12726541, at *4 (W.D. Ky. Feb. 13, 2014) (finding that defendant's expert "shall be permitted to testify at trial as to the opinions expressed in his expert report and any opinions expressed during his deposition"); *Cincinnati Ins. Co. v. Omega Flex, Inc.*, 2013 WL 1403493, at *1 (W.D. Ky. Apr. 5, 2013) ("As a general rule, experts will be allowed to testify concerning information, reports and observations contained in their Rule 26 disclosure or specifically referenced in their depositions."); *Carr-Lambert v. Grant Cnty. Bd. of Educ.*, 2011 WL 13309047, at *3 (N.D. W. Va. Aug. 15, 2011) (finding that "Defendant's expert may testify as to anything discussed in his report or during his deposition"); *Ways v. City of Lincoln*, 206 F. Supp. 2d 978, 989 (D. Neb. 2002) (finding deposition testimony may qualify as a Rule 26(e) supplementation and therefore may be considered even if not explicitly contained within the Rule 26(a)(2)(B) report). To the extent Dr. Blondell admitted that he is "not an expert

of what's routine across correctional facilities" as to the use of dipstick urine toxicology [R. 67 at 6], this is an issue that may be more properly addressed at trial through cross-examination.

c

The Corizon Defendants next seek to prevent reference to "any other lawsuit filed against these Defendants" and "any evidence of the care these Defendants provided to other patients." [R. 67 at 7.]  The Corizon Defendants argue that under KRE 404(b), such evidence is not relevant and might serve to distract the jury "from the main question of what actually happened on a particular occasion."  *Id.* (citing *Trover v. Estate of Burton*, 423 S.W.3d 165, 172 (Ky. 2014)).  In response, Mr. Helvey argues that "[o]ther instances of Defendants' comparable misconduct discussed below is relevant to both the issue of liability and punitive damages."  [R. 89 at 3.]

*Shadrick v. Southern Health Partners, Inc.* is instructive.  2016 WL 4555611 (W.D. Ky. Aug. 31, 2016).  In *Shadrick*, the defendant asked the Court to "prohibit any evidence that it may have been named as a Defendant in other medical malpractice cases" under Rule 404(b).  *Id.* at *5.  The Court granted the request, finding that "while incidents of deaths or near-deaths, along with [Southern Health Partners'] investigation and changes in training, is relevant, the fact that lawsuits were filed in those instances is not relevant."  *Id.*  The request and arguments in this case are similar to *Shadrick*, and the Court will grant the Corizon Defendants' request to exclude reference to any other lawsuit filed against the defendants in this case, subject only to the Corizon Defendants opening the door to such questioning during trial.  However, the Court will deny the Corizon Defendants' request asking the Court to exclude any reference to care provided to other patients, as this information may be relevant and admissible under Rule 404(b)(2).

**d**

Next, the Corizon Defendants ask that the Court exclude any testimony from Mr. Helvey's medical expert stated in terms of "possibility rather than probability." [R. 67 at 10.] The Corizon Defendants argue that plaintiffs bear the burden of proving their injuries and that proof must be "couched in terms of probability, and not mere possibility." *Id.* In response, Mr. Helvey argues that while he does not "intend to elicit testimony from his expert in the form of 'possibility,'" this issue is best addressed at trial. [R. 89 at 5.] This is particularly true, he argues, because the parties "are entitled to explore in cross-examination whether an expert's opinion rises to the level of 'probability,' or is one of mere 'possibility.'" *Id.*

The Court will grant the Corizon Defendant's request in part and deny it in part. Given the parties' agreement, the Court will grant the Corizon Defendants' request that Mr. Helvey's expert refrain from offering testimony in the form of possibility on direct examination. However, "requesting the Court to enter a preemptive order that would arguably bar any testimony regarding 'chance' or 'possibility' on cross-examination goes too far and is too undefined and ambiguous." *Shadrick*, 2016 WL 4555611, at *2. Therefore, the Court will deny the motion with respect to cross-examination.

**e**

The Corizon Defendants' final two *in limine* requests seek to prohibit Mr. Helvey from "offering any statements indicating that the jury should 'protect the community' or 'step into the shoes of the Plaintiff' (aka Golden Rule Arguments)," or "statements suggesting the jury should 'send a message' or 'protect the community' with its verdict." [R. 67 at 12.] In response, Mr. Helvey argues that he "will not ask the jury to step into his shoes or those of his family" but argues that these objections would be more appropriately addressed at trial. [R. 89 at 5–6.]

9

So-called "Golden Rule" arguments, asking the jurors to put themselves in the plaintiff's shoes, are "improper because they invite decision based on bias and prejudice rather than consideration of the facts." *Mich. First Credit Union v. Cumis Ins. Soc., Inc.*, 641 F.3d 240, 249 (6th Cir. 2011) (quoting *Johnson v. Howard*, 24 F. App'x 480, 487 (6th Cir. 2001)). Furthermore, arguments that plaintiffs send a message or "act as the 'conscience of the community'…are disfavored in this circuit." *Lotz v. Steak N Shake, Inc.*, 2021 WL 2270353, at *4–5 (E.D. Ky. June 3, 2021) (citing *Brooks v. Caterpillar Global Mining Am.*, 2017 WL 3401476, at *8 (W.D. Ky. Aug. 8, 2017)). Therefore, the Court will grant the Corizon Defendants' final two *in limine* requests.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff Chase Helvey's motions *in limine* **[R. 61]** is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Mr. Helvey's first *in limine* request will be **GRANTED** as to Mr. Helvey's institutional disciplinary history and **DENIED** as to his criminal charges and convictions; and

    b. Mr. Helvey's second, third, and fourth *in limine* requests will be **GRANTED**;

2. Defendant Corizon Health, Inc.'s motions *in limine* **[R. 67]** will be **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Corizon Health, Inc's first, second, and sixth *in limine* requests are **DENIED**;

    b. Corizon Health, Inc.'s fourth, seventh, and eighth *in limine* requests are **GRANTED**;

    c.  Corizon Health, Inc.'s third and fifth *in limine* requests are **GRANTED IN PART** and **DENIED IN PART** consistent with section II.B.2.c & d *supra*.

This the 5th day of May, 2022.

Gregory F. Van Tatenhove
United States District Judge